**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES COLTRAIN, CAROL FESSER, SUSAN PATRICIA SCHULTZ, as ADMINISTRATOR of the ESTATE OF KELLY EILEEN COLTRAIN,<br><br>Plaintiffs,<br><br>v.<br><br>MINERAL COUNTY; SHERIFF RANDY ADAMS; SERGEANT JIM HOLLAND; RAY GULCYNSKI; and DOES 1-10,<br><br>Defendants. | Case No. 3:18-cv-00420-LRH-CBC<br><br>**STIPULATION AND PROPOSED ORDER OF SETTLEMENT** |

The parties, by and through their counsel of record, hereby stipulate and agree to a full and final settlement of all of Plaintiffs' claims against all Defendants for damages, injunctive relief, and attorneys' fees and costs as follows:

1) The parties have reached agreement on a monetary settlement, for which the terms of payment shall be set forth in the separate written settlement agreement incorporated within this Stipulation and Order of Settlement.

2) The parties stipulate and agree to the nonmonetary relief set forth below.

1

3) When intake officers have reason to believe that a newly arrived detainee at the Mineral County Jail ("MCJ") is suffering from drug withdrawal or will likely suffer from drug withdrawal, from words spoken by the newly arrived detainee or observations made of the detainee, the detainee will be transported to the Mt. Grant Hospital or another appropriate medical facility before booking into the jail, for a medical clearance. Medical providers that include physicians, physician assistants, and/or nurse practitioners shall be timely involved in assessing and treating inmates potentially undergoing withdrawal. The Mineral County Sheriff's Office ("MCSO") will enact a policy in accordance with this agreement.

4) Once a detainee is taken to the hospital for any reason relating to drug withdrawal, the MCJ will follow the hospital treatment plan. If this requires the detainee to be admitted into the hospital, the jail will follow the recommendation by medical staff. The MCSO will enact a policy in accordance with this agreement.

5) If a detainee is deemed by the hospital to be at risk and must be monitored for alcohol or opiate withdrawal, that detainee will not be returned to the MCJ. The detainee will remain at the hospital under the medical supervision of hospital staff until the withdrawal is complete and the detainee receives medical clearance to enter general population at the MCJ. If hospital staff determines that the detainee must be medically monitored, but the hospital cannot perform the task at their facility, the detainee will be timely transported to a correctional facility that can provide adequate medical staffing to safely monitor the withdrawal process. Absent extraordinary circumstances, the detainee will not be returned to the jail without medical clearance. The MCSO will enact a policy in accordance with this agreement.

6) The MCSO will enact a policy regarding unresponsive inmates instructing custody staff on what to do when finding an unresponsive detainee.

7) The MCSO will work with the Mineral County Board of County Commissioners to ensure the budget allows for adequate staffing at the MCJ.

8) The MCSO will perform cell checks ("welfare checks") on detainees at risk who are put in a "Max Cell" on a minimum basis of every 15-30 minutes with a physical check to be completed twice hourly if the detainee is lying down. Such welfare checks will be documented on a written log posted beside each cell. The recording deputy shall document the check in writing at the time it is performed, making sure to record the time exactly as it is. The recording officer will record exactly what he or she sees at the time of the checking making sure to note any unusual activity or behavior displayed by the inmate. This log will be posted by the cell to enable the officer to determine if the detainee is trending good or bad. Once this person is no longer on special watch status these logs should be removed and placed in the jail records. The MCJ supervisors will randomly view surveillance video of the officers conducting daily and nightly rounds and then compare them with the cell/welfare check logs. When and if policy violations occur, officers will receive retraining and appropriate discipline.

9) Detainees with a history of seizures will be transported to the hospital for medical clearance prior to admittance to the jail.

10) The MCSO will work to establish written policies that comport with the above enumerated concerns.

11) The County will provide health training for the MCJ sworn staff who work with inmates on alcohol and other drug problems, including intoxication and withdrawal, medical emergencies, and the appropriate communications to medical staff and the hospital. Training will be provided by the Legal & Liability Risk Management Institute. This training will include an outline and course content and length kept on file, and a certificate or other evidence of attendance for each employee. This training shall occur not less than every two years in accordance with the provisions of this paragraph. New hires will be timely trained. The MCSO will enact a policy in accordance with this agreement.

12) The Honorable Larry R. Hicks and or the Honorable Robert A. McQuaid, Jr. will maintain jurisdiction over this settlement and the injunctive relief in this matter, with court supervised monitoring, to resolve any disputes, to facilitate the meet and confer process, and to issue all appropriate orders concerning the settlement agreement and the interpretation,

implementation, and enforcement thereof, for four years. Any party may request a status conference with the Court concerning these matters at any time, or move for any appropriate relief under the terms of this Order. If there is a material breach of the terms of the agreement within that four year time period, any party may move the Court to extend the Court's supervision and monitoring against the breaching party for up to an additional three years. Before moving for relief from the District Court, the parties will meet and confer to attempt to resolve any differences. Should the parties' meet and confer efforts be unsuccessful, any party may request a settlement conference with the Honorable Magistrate Judge Robert A. McQuaid, Jr.

13) Mineral County and or the Legal & Liability Risk Management Institute will provide the Law Offices of Terri Keyser-Cooper and the Doyle Law Office ("the law offices") with documentation every six months, after each training session referred to in paragraph 11, beginning on January 1, 2019, and ending on January 1, 2023, concerning their compliance with this agreement, and will provide all further information reasonably requested by the law offices within thirty days of receipt of the request. That documentation shall consist of the following: Course outlines, content, training materials including policies referenced, and updates as generated, and sworn declarations from the training and litigation coordinators confirming the dates of training and number of officers trained during the relevant time period. In no event shall a reporting delay of ten business days or less be deemed a material breach of this agreement. The law offices will participate in the monitoring and any necessary enforcement of the injunctive relief on a pro bono (free of charge) basis up to 25 hours of attorney time. If the attorney time required to monitor and or enforce the agreement exceeds 25 hours as to Mineral County, the MCSO, or the MCJ, the Defendant shall pay Plaintiffs' counsel's reasonable attorneys' fees and costs reasonably incurred. If and when the law offices have less than five hours of pro bono time remaining it will provide Defendant with written notice of the same, with an account of time spent, and it will also provide that Defendant with an anticipated budget to cover the period of time remaining on this injunctive relief. Where appropriate Terri Keyser-Cooper and Kerry S. Doyle shall bill attorneys' fees separately. If a dispute concerning attorneys' fees should arise, the dispute will go before the court for adjudication.

14) It is expressly understood and agreed among the parties that this agreement is made in compromise of disputed and controverted claims, and that nothing contained herein shall constitute or be deemed to be an admission by any party of any fault, liability, or wrongdoing of any kind, or of the validity or invalidity of other parties' allegations, claims, defenses, or contentions.

15) This Stipulation and Proposed Order of Settlement was negotiated and agreed under the auspices of the settlement conference held on December 13, 2018, with the Honorable Robert A. McQuaid, Jr, Magistrate Judge.

Dated: February 14, 2019      LAW OFFICE OF TERRI KEYSER-COOPER

/s/ *Terri Keyser-Cooper*
Terri Keyser-Cooper
Attorney for Plaintiffs

Dated: February 14, 2019      DOYLE LAW OFFICE, PLLC

/s/ *Kerry S. Doyle*
Kerry S. Doyle
Attorney for Plaintiffs

Dated: February 14, 2019      ERICKSON, THORPE & SWAINSTON, LTD.

/s/ *Brent L. Ryman*
Brent L. Ryman
Attorney for Defendants

**PROPOSED ORDER**

Pursuant to the stipulation of the parties and good cause appearing therefore, IT IS SO ORDERED:

Dated: February 19, 2019.

_____
HONORABLE LARRY R. HICKS
UNITED STATES DISTRICT JUDGE